■ SUFFOLK CEMENT PRODUCTS, INC., Respondent, v EMPIRE CONCRETE ENTERPRISES, INC., et al., Defendants, and MIGUEL INACIO, Appellant. [650 NYS2d 801] —In an action to recover on a guaranty agreement, the defendant Miguel Inacio appeals from a judgment of the Supreme Court, Suffolk County (Lama, J.), entered November 3, 1995, which, upon an order of the same court dated June 29, 1995, *inter alia,* granting the plaintiff's motion for summary judgment on the third cause of action of its complaint, is in favor of the plaintiff and against him in the principal sum of $44,483.12. The appellant's notice of appeal from the order dated June 29, 1995, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

In applying for a credit account with the plaintiff, the appellant and the defendant Julio Fernandes, as vice-president and president, respectively, personally guaranteed any debt of their corporation, the defendant Empire Concrete Enterprises Inc. (hereinafter Empire), incurred at any time and in whatever form it may be evidenced. Although Empire subsequently paid its account by executing a promissory note for $60,000 which was not personally guaranteed by the appellant, Empire defaulted on the note.

The broad language of the guaranty makes it clear that it applies to any debt owed by Empire to the plaintiff, regardless of the form of the debt. The appellant has admitted to his signature on the guaranty and does not dispute that Empire defaulted on the note. Summary judgment against the appel-

lant was therefore appropriate (*see, Governor & Co. of Bank of Ireland v Dromoland Castle,* 212 AD2d 759; *Oak Beverages v Ehrlich,* 224 AD2d 403). Copertino, J. P., Goldstein, McGinity and Luciano, JJ., concur.